JUNE D. COLEMAN
jcoleman@kmtg.com
DANIELLE R. TEETERS
dteeters@kmtg.com
KRONICK, MOSKOVITZ, TIEDEMANN & GIRARD
400 Capitol Mall, 27th Floor
Sacramento, CA 95814
Telephone: (916) 321-4500
Facsimile: (916) 321-4555

Attorneys for Defendant
FRONTLINE ASSET STRATEGIES, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| AHMAD J. EKHLAS,<br><br>    Plaintiff,<br><br>v.<br><br>FRONTLINE ASSET STRATEGIES, LLC,<br><br>    Defendant. | CASE NO. 8:13-CV-00745-DOC-AN<br><br>**OPPOSITION TO MOTION TO STRIKE ANSWER**<br><br>Date:        August 5, 2013<br>Time:        8:30 a.m.<br>Courtroom:   9D |

## I.

## INTRODUCTION

Plaintiff seeks to strike the Answer filed by Defendant Frontline Asset Strategies ("Frontline"). However, Plaintiff's Motion is defective because of insufficient notice and because Plaintiff failed to meet and confer as required by Local Rule 7-3 (nor does the Motion set forth the necessary language required by

Local Rule 7-3). Furthermore, Plaintiff fails to provide the Court with any evidence or legal authority to support his Motion. Also, service was improper. And finally, Defendant filed an answer in an abundance of caution rather than fight about appropriate service prior to Plaintiff filing a proper request for default. As such, the Court should deny Plaintiff's Motion to Strike.

## II.

## FACTUAL BACKGROUND

Plaintiff attempted to serve the Complaint by mailing via certified mail a summons and complaint to Corporation Service Company in Delaware (Proof of Service, Dkt. No. 10), rather than its appropriate address, at 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833 (Secretary of State Business Entity Detail for Corporation Service Company which will do business in California as CSC-Lawyers Incorporating Service, Exhibit B.) Plaintiff has yet to file an appropriate request for default. (*See generally* Docket.) Frontline filed an Answer on June 21, 2013. (Dkt. No. 7.) Plaintiff served his Motion by mail on July 8, 2013, per the proof of service, with a hearing date of August 5, 2013. Plaintiff did not meet and confer in accordance with Local Rules (Coleman Decl., ¶¶ 3-6), and failed to include the necessary meet and confer notice in his Motion.

## III.

## SUFFICIENCY OF ALLEGATIONS IN COMPLAINT

Notably, Plaintiff's Complaint is frivolous and Frontline has a meritorious defense.

### A. Plaintiff's Claim Based on Impermissibly Obtaining Credit Report Fails.

Plaintiff's Complaint alleges that Frontline improperly obtained his credit report without a permissible purpose in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681b. The FCRA establishes civil liability for "any

person" who knowingly obtains a consumer's credit report without a "permissible purpose." (15 U.S.C. § 1681b.) The statutorily approved "permissible purposes" for obtaining a credit report are set out in 15 U.S.C. § 1681b. One such permissible purpose allows a debt collector to obtain a credit report if the debt collector "intends to use the information in connection with ... review or collection of an account of the consumer." (15 § 1681b(a)(3)(A); *see also Pyle v. First Nat. Collection Bureau*, 2012 WL 5464357, *4 (E.D. Cal. 2012) ("if a collection agency is retained by a creditor to collect a debt owed by a consumer, then it typically has a permissible purpose for obtaining a consumer report in conjunction with its collection activities").)

In order to succeed on a claim under § 1681b, a plaintiff must establish that the defendant did not have a permissible purpose for requesting his credit report. (*See Thomas v. U.S. Bank, N.A.*, 325 F. App'x 592, 593 (9th Cir.2009) (granting summary judgment in favor of the defendant because the plaintiff had failed to present evidence that the defendant requested the report without a permissible purpose).) Accordingly, to survive a motion for judgment on the pleadings on a section 1681b claim, the plaintiff must allege facts that, if proven, would establish that the defendant did not have a permissible purpose for obtaining the credit report at issue. (*See Pyle v. First Nat'l Collection Bureau*, 2012 WL 1413970, *3 (E.D. Cal. 2012).) However, bare allegations that the defendant did not have a permissible purpose for obtaining a credit report, without more, are insufficient. (*See id.* (finding the allegation that "none of the specific and strictly limited circumstances granting permissible purpose under section 1681b applied to defendant" was insufficient to state a claim under § 1681b); *Flury v. CSC Credit Servs.*, 2012 WL 300726, *1 (D. Ariz. 2012) (finding that the plaintiff failed to support his FCRA claim for improperly requesting a credit report because his complaint contained "a single conclusory allegation that his credit report was 'obtained without a permissible purpose'"); *Makreas v. The Moore Law Group*,

*A.P.C.*, 2011 WL 3047634, *1 (N.D. Cal. 2011) (noting that denying that there was a business relationship between plaintiff and defendant was insufficient to state a claim under the FCRA).) Merely reciting each of the permissible circumstances and denying that they apply is similarly inadequate. (*See Thomas, supra*, 2013 WL 387968, at *4; *see also Myers v. Winn Law Group, APC,* 2011 WL 4954215, *2–3 (E.D. Cal. 2012) (finding insufficient conclusory allegations, which grouped all defendants together, that the defendants obtained the plaintiff's credit report and that the plaintiff neither owed the defendants a debt nor had a contract with the defendants).)

Moreover, courts have been especially skeptical of claims brought against debt collection agencies, given that debt collection agencies typically request credit reports for the permissible purpose of seeking information in connection with the consumer's debt. (*See Thomas, supra,* 2013 WL 387968, at *4; *see also Pyle, supra,* 2012 WL 1413970, at *3 ("As Defendant appears to be a collection agency, Plaintiff's conclusory allegations fail to sufficiently set forth facts to establish that Defendant violated the FCRA. Plaintiff fails to establish that Defendant was not, in fact, a debt collection agency, or that Plaintiff did not owe any debt that Defendant was seeking to collect on behalf of another entity."); *Myers v. Stoneleigh Recovery Assoc.,* 2012 WL 1356752, *4–5 (E.D. Cal. 2012) (dismissing an FCRA claim when the plaintiff alleged that the defendant pulled two credit reports without a permissible purpose but also alleged that the defendant was attempting to collect a debt from the plaintiff, which would have been a permissible purpose); *Makreas, supra,* 2011 WL 3047634, at *3 (noting that the defendant was a debt collection agency when dismissing the FCRA claim).)

Plaintiff alleges that Frontline did not have a lawful purpose for obtaining his credit report, but does not explain why. Crucially, Plaintiff alleges that Frontline is a debt collector (Complaint, ¶ 11), Frontline was attempting to collect a "debt" (*id.* at ¶ 15), Plaintiff is a "debtor" as defined by the Rosenthal

KRONICK,
MOSKOVITZ,
TIEDEMANN &
GIRARD
ATTORNEYS AT LAW

FDCPA (*id.* at ¶ 8), and the Rosenthal FDCPA defines a "debtor" as someone that owes a debt arising from a credit transaction (Cal. Civ. Code § 1788.2(e)-(f), (h)). Additionally, Plaintiff does not dispute the existence of the debt nor the fact that it was assigned to Defendant. Instead, Plaintiff only alleges that he "has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, nor received a bona fide offer of credit from the Defendant." (*See* Complaint, ¶ 24.). Consequently, because Plaintiff has only provided a "formulaic recitation" of the elements of a claim under the FCRA, and because Plaintiff's allegations admit that Defendant engaged in collecting a debt arising from a credit transaction, Plaintiff has not adequately pled a claim under the FCRA. (*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Anthony v. CACH, LLC*, 2013 WL 989883, *2 (C.D. Cal. 2013); *Tonini v. Mandarich Law Group, LLP*, 2012 WL 2726761, *4 (S.D. Cal. 2012).)

And more importantly. Plaintiff cannot plead such a cause of action. Frontline was and is attempting to collect a credit card debt. Courts have repeatedly held that a permissible purposes exists if the debtor owes a credit card debt. (*See Pyle v. First Nat. Collection Bureau*, 2012 WL 5464357, *5-6 (E.D. Cal. 2012) (listing cases); *see, e.g., Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 34 (3d Cir. 2011) (The Plaintiff had "accumulated credit card debt" that led to the defendant "ultimately ... accessing [the plaintiff's] credit report to collect on his delinquent accounts. Section 1681b(a)(3)(A) authorizes the use of consumer information under such circumstances."); *Rodriguez, supra*, 2012 WL 726474, at *1 (The plaintiff "alleges that [the defendant] pulled his credit report for an improper purpose. He is wrong. A debt collector may access a consumer's credit report in the course of collecting a credit card debt from that consumer."); *Miller v. Rubin & Rothman, LLC*, 2011 WL 4359977, *3-*4 (D. Minn. 2011) (finding that when Defendant obtained consumer reports in an attempt to collect on plaintiff's Capital One credit card account debt, Defendant had "a permissible purpose under 15 U.S.C. §

KRONICK,
MOSKOVITZ,
TIEDEMANN &
GIRARD
ATTORNEYS AT LAW

1033108.1 13780.002

- 5 -

OPPOSITION TO MOTION TO STRIKE ANSWER

1681b(a)(3)(A)"); *Miller v. Wolpoff & Abramson, LLP*, 2007 WL 2694607, *11 (N.D. Ind. 2007), *aff'd*, 309 F. App'x 40 (7th Cir.2009) (finding that when the defendant obtained a consumer report in an attempt to collect on a Providian credit card debt, the defendant was permitted to do so under Section 1681b(a)(3)(A) as "debt collection").) In an unpublished opinion involving a credit card debt, the Ninth Circuit held that "requesting a credit report with the intent to collect on a debt is among the 'permissible purposes' listed in the FCRA." (*Thomas v. U.S. Bank, N.A.*, 325 F. App'x 592, 593 (9th Cir. 2009).)

### B. Plaintiff's Claims Based on Failure to Provide Certain Notices Fails as Well.

Mr. Ekhlas's second theory of liability is that Frontline Assets failed to provide the required notices under 15 U.S.C. § 1692g(a) of the Fair Debt Collection Practices Act ("FDCPA"). Section 1692g(a) requires various information be provided to a debtor within 5 days of initial contact. Mr. Ekhlas also pleads that this alleged violation is a violation of California's Rosenthal Fair Debt Collection Practices Act ("Rosenthal FDCPA"), California Civil Code section 1788.17.

Mr. Ekhlas must plead that Frontline Assets failed to send the required notices and information within 5 days of the initial communication. Mr. Ekhlas has pled that Frontline Assets communicated with Mr. Ekhlas, without any further detail. (Complaint, ¶ 16.) To survive a motion for judgment on the pleadings, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is "plausible on its face." "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (*Iqbal, supra*, 556 U.S. at 678.)

Here, Mr. Ekhlas uses formulaic recitations of the elements of the claim, without factual content that would allow a court to draw the reasonable inference that the defendant is liable. Mr. Ekhlas does not allege when the first

communication was. Mr. Ekhlas does not allege how Frontline Assets violated section 1692g.

> Plaintiff's allegations regarding the lack of notice merely parrot the statutory language. Plaintiff's threadbare allegations are devoid of any factual enhancement. The formulaic recitation of the statutory language is not sufficient to meet the *Twombly–Iqbal* pleading standard. Plaintiff's complaint contains nothing more than labels, conclusions, and formulaic recitations of the elements of a cause of action under the FDCPA … .

(*Raab v. Nationwide Collection Agencies, Inc.*, 2013 WL 53760, *3 (W.D. Mich. 2013); *see also Quander v. Hillcrest, Davidson, and Associates LLC*, 2012 WL 6727141, *4 (D. Md. 2012); *Forgey v. Kitchel*, 2012 WL 6160497, *8 (N.D. Ind. 2012).) Lacking sufficient factual contentions, this claim must fail as well.

Additionally, Mr. Ekhlas has stated that the only so-called "communication" he has had with Frontline is from viewing his credit report. (Coleman Decl., ¶ 5.) Courts have found that this alleged "communication" does not trigger the section 1692g(a) obligations because the communication must be with the consumer debtor, not a credit reporting agency to trigger section 1692g. (*Robinson v. TSYS Total Debt Management, Inc.*, 447 F. Supp. 2d 502, 508-09 (D. Md. 2006) (allegation that Defendant "communicated the debt to Plaintiff's credit report" insufficient under 1692g "because it is not a communication with a consumer."); *Pretlow v. AFNI, Inc.*, 2008 WL 345593, *1 (W.D. Va. 2008) (section 1692g claim dismissed because the only communications were between defendant and consumer reporting agencies).) Thus, Mr. Ekhlas cannot state a claim for failure to provide the 1692g(a) notices/information. And since the Rosenthal FDCPA claim is premised on violation of the FDCPA, the Rosenthal FDCPA claim must also fail.

# IV.

# LEGAL ANALYSIS

## C. Plaintiff Failed to Provide Appropriate Notice.

Plaintiff mail served the Motion on July 8, 2013, per the proof attached to the Motion. Plaintiff set the hearing for August 5, 2013. Per Local Rule 6-1, Plaintiff had to give 31 days notice. The earliest date for a hearing would be August 8. 2013, per Local Rule 6-1. And because the Court hears civil motions on Mondays, the earliest possible hearing date would be August 12, 2013. An August 12, 2013 hearing date would make the Opposition Brief due on July 21, 2013. Because notice is insufficient, Plaintiff's Motion should be denied.

## D. Plaintiff as Failed to Meet and Confer Per Local Rule 7-3

Pursuant to Local Rule 7-3, Plaintiff was required to meet and confer over the telephone or in person 10 days prior to filing the Motion. This is to be confirmed with a statement in the Motion. Plaintiff did not meet and confer (Coleman Decl., ¶¶ 5-6), nor did he put the necessary language in his Motion as required by local Rule 7-3. This provides another reason for the Motion to be denied.

## E. Frontline Was Not Properly Served.

Plaintiff appears to suggest that his service on Corporation Service Corporation in Delaware was appropriate. Under California law, Plaintiff is allowed to serve Frontline through its agent for service of process. Plaintiff has provided no evidence to establish the method and legal authority for service. Although Plaintiff provides no evidence to support this, it appears that Plaintiff attempted to serve Frontline through its agent for service of process. Although Plaintiff has the burden of proof, Plaintiff has failed to identify Defendant's agent for service of process. The Secretary of State indicates that Defendant's agent for service of process is "Corporation Service Company which will do business in California as CSC-Lawyers Incorporating Service." (Secretary of State Business

Entity Detail for Frontline Asset Strategies, Exhibit A.) The Secretary of State indicates that the address for service of process for CSC-Lawyers Incorporating Service is 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833. (Secretary of State Business Entity Detail for "Corporation Service Company which will do business in California as CSC-Lawyers Incorporating Service," Exhibit B.) Although Plaintiff has failed to submit any evidence of service with his Motion, the docket indicates that service occurred in Delaware. Because Frontline was not served properly, Plaintiff cannot claim that Frontline was in default.

Additionally, the entire Complaint was never served on Frontline. Indeed, the Court was missing page 6 until June 26, 2013, or later. (Coleman Decl., ¶ 5.) Mr. Ekhlas did not attempt to serve page 6 on Frontline, and he has only sent page 6 via email to Frontline's counsel. (*Id.* at ¶ 4.)

### F. Frontline's Answer Should Not Be Stricken Since It Was Filed Prior to Default.

Plaintiff provides no legal basis for seeking to strike Frontline's Answer. It appears that Plaintiff believes that once the time has run to respond to a complaint, Defendant cannot file an Answer, regardless of whether Plaintiff has sought and obtained a default. It is black letter law that a defendant may respond to a complaint unless and until the plaintiff has obtained a default:

> Defendant's default (failure to respond) by itself, has no legal consequence. Until the default is "entered" by the court clerk (below), defendant can still appear in the action.
>
> I.e., if no default has yet been "entered," the clerk must accept for filing defendant's pleadings or motions although they are filed late. Once they are filed, it is too late for entry of default (below), and defendant can proceed with its defense.

(Schwarzer, William W., et al, California Practice Guide: Federal Civil Procedure Before Trial (Rutter Group rev. ed. 2013) p. 6-1, ¶ 6:3.)

Here, Frontline answered on June 21, 2013. (Dkt. No. 7.) Plaintiff

had not obtained a default. As such, even if service was proper, Defendant cannot obtain a default and Frontline's Answer should not be stricken.

## V.

## CONCLUSION

Based on the foregoing, Defendant Frontline respectfully requests that the Court deny Plaintiff's Motion to Strike Frontline's Answer. Frontline was not properly served, and even if it was properly served, the entire Complaint was not served. Defense counsel only received a copy of the entire Complaint on June 24, 2013. Moreover, the Motion did not have proper notice, and does not have evidence or authority. Finally, Plaintiff failed to meet and confer, or include the necessary meet and confer notice to the Court. For all of these reasons, the Court should deny the Motion to Strike.

Dated: July 17, 2013

KRONICK, MOSKOVITZ, TIEDEMANN & GIRARD
A Law Corporation


By: /s/ June D. Coleman
 June D. Coleman
 Danielle R. Teeters
 Attorneys for Defendant
 FRONTLINE ASSET STRATEGIES, LLC

# PROOF OF SERVICE

I, Kathy Rockenstein, declare:

I am a citizen of the United States and employed in Sacramento County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 400 Capitol Mall, 27th Floor, Sacramento, California 95814. On July 17, 2013, I served a copy of the within document(s):

**OPPOSITION TO MOTION TO STRIKE ANSWER**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Sacramento, California addressed as set forth below.

☐ by placing the document(s) listed above in a sealed _____ envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a _____ agent for delivery.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

Ahmad J. Ekhlas                              Plaintiff
43 Edelweiss
RSM, CA 92688

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court

KRONICK, MOSKOVITZ, TIEDEMANN & GIRARD
ATTORNEYS AT LAW

1  at whose direction the service was made.

2  Executed on July 17, 2013, at Sacramento, California.

*[signature]*

Kathy Rockenstein

1033108.1 13780.002

- 12 -

OPPOSITION TO MOTION TO STRIKE ANSWER

KRONICK,
MOSKOVITZ,
TIEDEMANN &
GIRARD
ATTORNEYS AT LAW