JUNE D. COLEMAN (CSBN 191890)
jcoleman@kmtg.com
DANIELLE R. TEETERS (CSBN 210056)
dteeters@kmtg.com
KRONICK, MOSKOVITZ, TIEDEMANN & GIRARD
400 Capitol Mall, 27th Floor
Sacramento, CA  95814
Telephone:  (916) 321-4500
Facsimile:   (916) 321-4555

Attorneys for Defendant
FRONTLINE ASSET STRATEGIES, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| AHMAD J. EKHLAS,<br><br>            Plaintiff,<br><br>v.<br><br>FRONTLINE ASSET STRATEGIES, LLC,<br><br>            Defendant. | CASE NO.  8:13-CV-00745-DOC-AN<br><br>**AMENDED ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL** |

    Defendant FRONTLINE ASSET STRATEGIES, LLC, (hereinafter "Defendant") hereby appears and responds to the Complaint filed by Plaintiff AHMAD J. EKHLAS (hereafter "Plaintiff") which was altered to include Page 6 on or after June 26, 2013, as follows:

    1.    As to Paragraphs 1, 18 – 19, 26 – 28, 31, and 33-34, Defendant denies all allegations.

1033162.1 13780.002

- 1 -

KRONICK,
MOSKOVITZ,
TIEDEMANN &
GIRARD
ATTORNEYS AT LAW

**AMENDED ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL**

2.   As to Paragraph 2, Defendant admits federal jurisdiction is proper as to the Fair Debt Collection Practices Act claim but denies that the Court has jurisdiction over the state law claims.

3.   As to Paragraph 3, Defendant lacks sufficient knowledge to know what Plaintiff is claiming in this Paragraph and on that basis, Defendant denies all allegations.

4.   As to Paragraphs 4, 8, 12 – 14, and 25, Defendant lacks sufficient knowledge to admit or deny the allegations in these Paragraphs and on that basis denies all allegations.

5.   As to Paragraph 5, Defendant admits that venue is proper in this District.

6.   As to Paragraph 6, Defendant admits that Plaintiff is a natural person and that its records indicate that Plaintiff resides in Orange County, California.

7.   As to Paragraphs 7, 9 – 11, 15, and 30, Defendant admits all allegations.

8.   As to Paragraph 16, Defendant admits it sent a letter to Plaintiff on May 16, 2012, in an attempt to collect on a debt that he allegedly incurred but failed to pay. Defendant denies all remaining allegations.

9.   As to Paragraph 17, Defendant denies that it violated the FCRA in any way. Defendant lacks sufficient knowledge to admit or deny the remaining allegations in Paragraph 17, and on that basis denies them.

10.   As to Paragraph 20, Defendant admits that Plaintiff contacted it and spoke with Andrew Dunn in an attempt to reach any agreement as to this action but failed to reach any agreement. Defendant denies any violation of the FCRA, FDCPA or the RFDCPA.

11.   As to Paragraph 21, Defendant re-asserts and re-alleges the responses to Paragraphs 1-20 as though set forth herein.

12.   As to Paragraphs 22 – 23, these Paragraphs contain statements

1  regarding 15 USC § 1681b and do not require an admission or denial.

2      13.   As to Paragraph 24, Defendant denies that Plaintiff has never had any business dealings or any accounts with Defendant. Defendant admits the remaining allegations in Paragraph 24.

3      14.   As to Paragraph 29, Defendant re-asserts and re-alleges the responses to Paragraphs 1-28 as though set forth herein.

4      15.   As to Paragraph 32, Defendant re-asserts and re-alleges the responses to Paragraphs 1-31 as though set forth herein.

Defendant presently has insufficient knowledge of information on which to form a belief as to all potential defenses available. Defendant reserves herein the right to assert additional defenses in the event discovery indicates that additional defenses would be appropriate. Pursuant to Federal Rule of Civil Procedure 8(c), Defendant sets forth the following matters constituting an avoidance or affirmative defense:

### FIRST AFFIRMATIVE DEFENSE

16.   Plaintiff's Complaint (and the causes of action alleged therein) fails to state facts sufficient to constitute a case of action as to the answering Defendant.

### SECOND AFFIRMATIVE DEFENSE

17.   Defendant is informed and believes and thereon alleges that the Complaint, and each cause of action therein, is barred in whole or part, by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

18.   Defendant is informed and believes and thereon alleges that Plaintiff was negligent, careless, and/or committed intentional acts, in and about the matters alleged in the Complaint, and to the extent of said negligence, carelessness and/or intentional acts caused and/or contributed to his injuries and/or damages.

### FOURTH AFFIRMATIVE DEFENSE

19.   Defendant alleges that other persons and parties were careless and/or

negligent, and/or committed intentional acts, and that this carelessness, negligence, and/or these intentional acts proximately contributed to the happening of the incidents referred to in the Complaint, and to the extent of said negligence, carelessness and/or intentional acts caused and/or contributed to injuries and/or damages, then the damages alleged against Defendant should be reduced or eliminated.

### FIFTH AFFIRMATIVE DEFENSE

20.     Defendant is informed and believes and thereon alleges that Plaintiff failed and neglected to use reasonable care to protect himself, and to minimize and/or mitigate the losses and/or damages, including but not limited to actual damages asserted in the Complaint.

### SIXTH AFFIRMATIVE DEFENSE

21.     Defendant alleges that all its actions were taken in good faith and with a reasonable belief that such actions were legal, appropriate and necessary.

### SEVENTH AFFIRMATIVE DEFENSE

22.     Defendant alleges that it relied upon the representations of its client and any inaccuracies or misrepresentations alleged were the result of such reliance.

### EIGHTH AFFIRMATIVE DEFENSE

23.     Defendant alleges that is has no civil liability under the FDCPA, pursuant to 15 U.S.C. § 1692k(c), or the Rosenthal FDCPA pursuant to California Civil Code § 1788.30(e), as any violation was unintentional and resulted from the maintenance of procedures reasonably adopted to avoid any such violation.

### NINTH AFFIRMATIVE DEFENSE

24.     Defendant alleges that any representations or statements alleged to have been made by Defendant were true, accurate at the time made, and/or otherwise were made in good faith and with a reasonable belief as to their validity and accuracy.

Kronick,
Moskovitz,
Tiedemann &
Girard
Attorneys At Law

1033162.1 13780.002

- 4 -

AMENDED ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL

### TENTH AFFIRMATIVE DEFENSE

25. Defendant alleges that Plaintiff's Complaint, and each and every cause of action therein, is barred by federal and state common law.

### ELEVENTH AFFIRMATIVE DEFENSE

26. Defendant alleges that it acted lawfully and intended to take any and all action contemplated, whether expressly allowed by contract or permitted by law, as represented by Plaintiff.

### TWELFTH AFFIRMATIVE DEFENSE

27. Defendant is informed and believes, and thereon alleges that all alleged intentional acts or misrepresentations alleged in Plaintiff's Complaint, and the causes of action alleged therein, were consented to by the Plaintiff.

### THIRTEENTH AFFIRMATIVE DEFENSE

28. Plaintiff's Complaint (and the causes of action alleged therein) is barred by the doctrines of waiver and/or estoppel.

### FOURTEENTH AFFIRMATIVE DEFENSE

29. Plaintiff is barred from recovery because the Complaint (and the causes of action alleged therein) is barred by the doctrine of unclean hands.

### FIFTEENTH AFFIRMATIVE DEFENSE

30. Plaintiff lacks standing to pursue California's Rosenthal Fair Debt Collection Practices Act.

### SIXTEENTH AFFIRMATIVE DEFENSE

31. Defendant alleges that Plaintiff's Complaint, and each and every cause of action therein, is barred by the immunities embodied either in California Civil Code § 47(b)-(c), or arising under federal and state common law.

### SEVENTEENTH AFFIRMATIVE DEFENSE

32. Defendant hereby alleges the following affirmative defenses, including, but not limited to, those set forth in Federal Rule of Civil Procedure 8(c), so as not to waive them at this time: assumption of risk, offset, duress, failure of

consideration, fraud, illegality, license, res judicata, failure to join an indispensable party, release, laches, and abatement.

WHEREFORE, Defendant prays for:

1. That Plaintiff takes nothing from this answering Defendant by this Complaint;

2. That Defendant be awarded judgment in this action;

3. For attorneys' fees incurred herein, pursuant to statute;

4. For costs of suit incurred herein; and

5. For such other and further relief as the Court deems proper.

Dated: July 17, 2013

KRONICK, MOSKOVITZ, TIEDEMANN & GIRARD
A Law Corporation

By: /s/ *June D. Coleman*
June D. Coleman
Danielle R. Teeters
Attorneys for Defendant
FRONTLINE ASSET STRATEGIES, LLC

## DEMAND FOR JURY TRIAL

Defendant FRONTLINE ASSET STRATEGIES, LLC hereby demands a jury trial in this matter.

Dated: July 17, 2013

KRONICK, MOSKOVITZ, TIEDEMANN & GIRARD
A Law Corporation

By: /s/ *June D. Coleman*
June D. Coleman
Danielle R. Teeters
Attorneys for Defendant
FRONTLINE ASSET STRATEGIES, LLC

# PROOF OF SERVICE

I, Kathy Rockenstein, declare:

I am a citizen of the United States and employed in Sacramento County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 400 Capitol Mall, 27th Floor, Sacramento, California 95814. On July 17, 2013, I served a copy of the within document(s):

**AMENDED ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Sacramento, California addressed as set forth below.

☐ by placing the document(s) listed above in a sealed _____ envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a _____ agent for delivery.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

Ahmad J. Ekhlas                    Plaintiff
43 Edelweiss
RSM, CA 92688

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court

1033162.1 13780.002                    - 7 -

KRONICK,
MOSKOVITZ,
TIEDEMANN &
GIRARD
ATTORNEYS AT LAW

AMENDED ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL

at whose direction the service was made.

Executed on July 17, 2013, at Sacramento, California.

_____
Kathy Rockenstein