JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| AHMAD J. EKHLAS,<br><br>      Plaintiff,<br><br>  vs.<br><br>FRONTLINE ASSET STRATEGIES, LLC,<br><br>      Defendant. | Case No.: SACV 13-00745 DOC(ANx)<br><br>**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT** |

Before the Court is Frontline Asset Management's ("Frontline") Motion for Summary Judgment (Dkt. 32). After considering the moving papers, the entire record in this case, and argument in Court, the Court GRANTS the Motion.

**I.    Background**

Frontline was retained by First Premier Bank to assist with collection of a delinquent credit card account owed by Mr. Ekhlas. Statement of Undisputed Fact ("UF") 1-2. Frontline sent a letter to Mr. Ekhlas on May 16, 2012, stating that Frontline was retained by First Premier

Bank to collect a debt regarding a Premier BankCard credit card account, with an account number ending in 0089.  UF 1-2.  In performing that function, Frontline obtained Mr. Ekhlas's credit report.  UF 3.  Frontline had no communications with Mr. Ekhlas, other than the May 16, 2012 letter, which Mr. Ekhlas claims to have not received.  UF 4.  Mr. Ekhlas alleges he received no written correspondence from Frontline.  UF 5.  Mr. Ekhlas filed suit on or about May 10, 2013.  Mr. Ekhlas alleges two claims: (1) that Frontline violated the FCRA, 15 U.S.C. § 1681b, when it accessed Mr. Ekhlas's credit information without a permissible purpose, and (2) Frontline violated the FDCPA, 15 U.S.C. § 1692g(a), by failing to send Mr. Ekhlas written notices within 5 days of communicating with Mr. Ekhlas, which also constituted a violation of California's Rosenthal FDCPA, California Civil Code section 1788.17.  Compl. ¶¶ 30, 33.

**II.     Legal Standard**

Summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Summary judgment is to be granted cautiously, with due respect for a party's right to have its factually grounded claims and defenses tried to a jury.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  The court must view the facts and draw inferences in the manner most favorable to the non-moving party.  *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1992); *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1161 (9th Cir. 1992).  The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact for trial, but it need not disprove the other party's case.  *Celotex*, 477 U.S. at 323.  When the non-moving party bears the burden of proving the claim or defense, the moving party can meet its burden by pointing out that the non-moving party has failed to present any genuine issue of material fact as to an essential element of its case.  *See Musick v. Burke*, 913 F.2d 1390, 1394 (9th Cir. 1990).

Once the moving party meets its burden, the burden shifts to the opposing party to set out specific material facts showing a genuine issue for trial.  *See Liberty Lobby*, 477 U.S. at 248-49.  A "material fact" is one which "might affect the outcome of the suit under the governing law . . . ."  *Id.* at 248.  A party cannot create a genuine issue of material fact simply by making assertions

in its legal papers. *S.A. Empresa de Viacao Aerea Rio Grandense v. Walter Kidde & Co., Inc.*, 690 F.2d 1235, 1238 (9th Cir. 1982). Rather, there must be specific, admissible evidence identifying the basis for the dispute. *Id.* The court need not "comb the record" looking for other evidence; it is only required to consider evidence set forth in the moving and opposing papers and the portions of the record cited therein. Fed. R. Civ. P. 56(c)(3); *Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1029 (9th Cir. 2001). The Supreme Court has held that "[t]he mere existence of a scintilla of evidence . . . will be insufficient; there must be evidence on which the jury could reasonably find for [the opposing party]." *Liberty Lobby*, 477 U.S. at 252.

### III.   Discussion

Plaintiff Ekhlas filed no opposition to the summary judgment motion. The Court therefore analyzes Defendant's filings to determine whether summary judgment is appropriate.

#### a.   Violation of the FCRA, 15 U.S.C. § 1681b

Plaintiff alleges that Frontline did not have a lawful purpose for obtaining his credit report, but does not explain why. Crucially, Plaintiff alleges that Frontline is a debt collector, UF 6, that Frontline was attempting to collect a "debt" UF 7, and Plaintiff is a "debtor" as defined by the Rosenthal FDCP A, UF 8. The Rosenthal FDCP A defines a "debtor" as someone that owes a debt arising from a credit transaction. Cal. Civ. Code § 1788.2(e)-(f), (h). Plaintiff does not claim that he has no debt, or that the Defendants were assigned that debt. Rather, he alleges that he "has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, nor received a bona fide offer of credit from the Defendant." UF 9. These allegations admit that Frontline engaged in collecting a debt arising from a credit transaction, and so a FCRA claim cannot lie. *See Anthony v. CACH, LLC,* 2013 WL 989883, *2 (C.D. Cal. 2013); *Tonini v. Mandarich Law Group, LLP,* 2012 WL 2726761, *4 (S.D. Cal. 2012).

Mr. Ekhlas does not state whether he owes the debt or not. *See* UF 9. Frontline submits a declaration, however, that it was assigned the debt by First Premier Bank for purposes of collection is sufficient to defeat Mr. Ekhlas's claim in the absence of any evidence to the contrary. *See* UF 1. Even if First Premier Bank referred this matter to Frontline when there was

no debt or some other debt, Frontline's good faith belief that the debt existed provides the permissible purpose for accessing the credit report. *See, e.g.*, *Rubin & Rothman, LLC*, *supra*, 2011 WL 4359977, at *4 ("In this circumstance, defendant had reason to believe that pulling the consumer reports in question would aid it in its debt collection efforts . . . accordingly, defendant had a permissible purpose.").

### b.  Violation of the FDCPA, 15 U.S.C. § 1692g(a)

Mr. Ekhlas also claims that Frontline failed to provide the required notices under 15 U.S.C. § 1692g(a) of the FDCPA. Section 1692g(a) requires various information be sent to a debtor within 5 days of an initial communication "with a consumer" by a debt collector. Mr. Ekhlas also pleads that this alleged violation is a violation of California's Rosenthal FDCPA, California Civil Code section 1788.17, which incorporates the duties and obligations from the FDCPA into the Rosenthal FDCPA.

Mr. Ekhlas pleaded that Frontline communicated with him, but provides no detail about the nature, type, or time of the communication. UF 10. He has submitted no further evidence on this point. It is thus unknown whether there was any communication at all. Furthermore, Frontline claims it sent only a letter to Mr. Ekhlas. Frontline's letter contains the amount of the debt, the name of the current creditor and the notices required by § 1692g. Mr. Ekhlas submits no evidence refuting this. Therefore, there is no evidence of any violation by Frontline of § 1682g(a) and the claim fails.

### IV.  Disposition

Because there is no genuine issue of material fact as to either allegation, summary judgment is appropriate. For the foregoing reasons, the Court GRANTS Frontline's Motion.

DATED: March 31, 2014

_____

DAVID O. CARTER

UNITED STATES DISTRICT JUDGE